STATE OF NEW YORK
SUPREME COURT : COUNTY OF ONONDAGA

---

ERIE INSURANCE COMPANY
as subrogee of ROBERT RICKER III,

                Plaintiff,

v.                                                                    Index No.:

VENOM GROUP INTERNATIONAL, and
AMAZON.COM, INC.,

                Defendants.

---

## VERIFIED COMPLAINT

        Plaintiff, Erie Insurance Company ("Erie") as subrogee of Robert Ricker III, by and through its attorneys, Rupp Pfalzgraf LLC, as and for its verified complaint against defendants, Venom Group International and Amazon.com, Inc., herein alleges as follows:

        1.    At all times hereinafter mentioned, Erie is an insurance company licensed to conduct the business of insurance in the state of New York, with a principal place of business located at 120 Corporate Woods, Suite 150, Rochester, New York 14623.

        2.    At all times hereinafter mentioned, Robert Ricker III (the "insured"), was and is the owner of the real property located at ████████████████████████

3. At all times hereinafter mentioned, Erie insured ███████████████ (the "insured property"), under policy number "Q536303622." Said policy of insurance provided the insured with coverage in the event of a loss or damage by fire, smoke, and/or water.

4. Upon information and belief, the defendant Venom International Group ("Venom"), was and is a business corporation authorized to do business in the state of New York, with its principal place of business in the state of Idaho.

5. At all times hereinafter mentioned, Venom regularly transacts business within the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, Venom committed a negligent, careless, and or reckless act within the State of New York, causing substantial damage to the insured property in the State of New York.

7. Upon information and belief, at all times hereinafter mentioned, Venom regularly does or solicits business within the State of New York.

8. At all times hereinafter mentioned, Venom should have reasonably expected its actions to have consequences within the State of New York.

9. Venom has availed itself to the jurisdiction of New York courts.

10. Upon information and belief, the defendant Amazon.com, Inc. ("Amazon"), was and is a business corporation authorized to do business in the state of New York, with its principal place of business in the state of Washington.

11. At all times hereinafter mentioned, Amazon regularly transacts business within the State of New York.

12. Upon information and belief, at all times hereinafter mentioned, Amazon committed a negligent, careless, and or reckless act within the State of New York, causing substantial damage to the insured property in the State of New York.

13. Upon information and belief, at all times hereinafter mentioned, Amazon regularly does or solicits business within the State of New York.

14. At all times hereinafter mentioned, Amazon should have reasonably expected its actions to have consequences within the State of New York.

15. Amazon has availed itself to the jurisdiction of New York courts.

16. Upon information and belief, at all times herein after mentioned, Venom and/or its subsidiaries were and are engaged in the business of designing, manufacturing, constructing, assembling, inspecting, and/or selling various types of batteries, including a Venom 7.4v/2 cell Battery.

17. On or about October 1, 2022, the insured property sustained substantial fire damage while the insured was charging a Venom 7.4v/2 cell Battery ("subject battery").

18. Upon information and belief, the fire loss at the insured property was caused by a manufacturing defect in the subject battery. Specifically, the subject battery malfunctioned due to a failure within a cell of the subject battery. As a result of the aforementioned defect, a fire loss occurred at the insured property resulting in substantial damage to same (collectively the "fire loss").

19. Upon information and belief, the fire loss at the insured property was caused by the defendants' negligent, careless, and/or reckless conduct.

20. At all times mentioned herein, the insured has exercised due care and is without fault in causing the damage.

21. Following the above-described incident, and pursuant to the terms and conditions of its contract of insurance with its insured, Erie expended an amount no less than $395,214.63 in order to compensate its insured for the damage to the insured property. Erie's insured also incurred his $1,000.00 deductible.

22. By virtue of the foregoing, Erie has become subrogated to the rights of its insured, and the defendants' jointly and severally are liable to Erie for damages in an amount to be determined at trial, but no less than $396,214.63, plus interest as allowed by law, together with the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

## FIRST CAUSE OF ACTION
(Negligence against Venom and Amazon)

23. Erie repeats and realleges the allegations set forth in paragraphs "1" through "22" of this verified complaint.

24. Venom and Amazon had a duty to exercise that care which was due by persons in the position of the defendants.

25. Venom and Amazon had a duty to exercise reasonable and prudent care in designing, manufacturing, distributing, marking, designing, and/or selling batteries; to warn Erie's insured of the dangers and defects then and there existing; to adequately and fully recall the subject battery's defects and notify Erie's insured of same; to use proper quality control procedures; and to properly inspect and/or test the subject battery.

26. Upon information and belief, Venom and Amazon breached its aforesaid duties, which caused the insured property to sustain substantial fire damage.

27. Upon information and belief, the incident described herein and resulting damages were caused through the negligence, carelessness, and/or recklessness of Venom and Amazon, without any culpable conduct on the part of Erie's insured.

28. Upon information and belief, Venom and Amazon were negligent, careless, and/or reckless generally and in the following manners:

    (a) Negligently, carelessly, and/or recklessly failing to exercise reasonable and prudent care in designing, marketing, manufacturing, distributing, and/or selling batteries; and/or

    (b) Negligently, carelessly, and/or recklessly failing to warn, and/or notify the insured of the defects, and to adequately and fully recall the insured's battery; and/or

    (c) Negligently, carelessly, and/or recklessly failing to use proper quality control procedures; and/or

    (d) Negligently, carelessly, and/or recklessly failing properly to inspect and/or test their batteries.

29. As a direct result of the defendants' negligent, careless, and/or reckless actions, the insured property sustained extensive fire, smoke, and/or water damage.

30. Following the above-described incident, and pursuant to the terms and conditions of its contract of insurance with its insured, Erie expended an amount no less than $395,214.63 in order to compensate its insured for the damage to the insured property. Erie's insured also incurred his $1,000.00 deductible.

31. By virtue of the foregoing, Erie has become subrogated to the rights of its insured, and the defendants' jointly and severally are liable to Erie for damages in an amount to be determined at trial, but no less than $396,214.63, plus interest as allowed by law, together with the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (Strict Products Liability against Venom)

32. Erie repeats and realleges the allegations set forth in paragraphs "1" through "31" of this verified complaint.

33. The subject battery used at the insured property unreasonably was dangerous in that it, *inter alia,* defectively was designed and/or manufactured.

34. The subject battery unreasonably was dangerous in that Venom failed adequately to warn of the defects and dangers inherent in the use thereof.

35. Upon information and belief, at all relevant times, the subject battery was used in a manner that reasonably was foreseeable, and within the contemplation of Venom.

36. Upon information and belief, at all relevant times, the subject battery was used in the manner and for the purpose for which it was designed, manufactured, refurbished, marketed, advertised, and sold.

37. Upon information and belief, the defective condition of the subject battery could not have been discovered with reasonable diligence.

38. The subject battery that, *inter alia*, was designed, and manufactured by Venom, was a substantial factor in bringing about the damage to the insured property, and/or was the sole proximate cause of the loss.

39. Erie's insured could not, by the exercise of reasonable care, have averted its damages.

40. Following the above-described incident, and pursuant to the terms and conditions of its contract of insurance with its insured, Erie expended an amount no less than $395,214.63 in order to compensate its insured for the damage to the insured property. Erie's insured also incurred his $1,000.00 deductible.

41. By virtue of the foregoing, Erie has become subrogated to the rights of its insured, and the defendants' jointly and severally are liable to Erie for damages in an amount to be determined at trial, but no less than $396,214.63, plus interest as allowed by law, together with the costs and disbursements of this action and such other and further relief as this Court deems just and proper.

## THIRD CAUSE OF ACTION
### (Breach of Warranty against Venom)

42. Erie repeats and realleges the allegations set forth in paragraphs "1" through "41" of this verified complaint

43. Venom knew or should have known, of the purpose for which the subject battery was to be used. Furthermore, Venom implicitly warranted to the general public that the subject battery was free of any defects or damages; was of merchantable quality; and was fit and safe for the purpose for which it was marketed, designed, manufactured, sold, and intended.

44. The insured, a member of the general public, relied upon the express and implied warranties of Venom, and upon Venom's skill and judgment in the testing, planning, distributing, refurbishing, inspecting, installing, marketing, designing, and/or selling of the subject battery. The express and implied warranties of Venom were false in that the subject battery was not safe, was not of merchantable quality, and was not fit for the purpose for which it was intended to be used, but rather defective, unsafe, unsound, and dangerous for use.

45. Venom's breach of the express and implied warranties was a substantial factor in bringing about the damage to the insured property, and/or was the sole proximate cause of Erie's insured loss and of the sustained damage.

46. Following the above-described incident, and pursuant to the terms and conditions of its contract of insurance with its insured, Erie expended an amount no less than $395,214.63 in order to compensate its insured for the damage to the insured property. Erie's insured also incurred his $1,000.00 deductible.

47. By virtue of the foregoing, Erie has become subrogated to the rights of its insured, and the defendants' jointly and severally are liable to Erie for damages in an amount to be determined at trial, but no less than $396,214.63, plus interest as allowed by law, together with the costs of disbursements of this action and such other and further relief as this Court deems just and proper.

## FOURTH CAUSE OF ACTION
### (Vicarious Liability against Amazon)

48. Erie repeats and realleges the allegations set forth in paragraphs "1" through "47" of this verified complaint.

49. Amazon owed a duty to the general public to ensure that its products it sold were free of any defects or damages; were of merchantable quality; and were fit and safe for the purposes for which they were designed, manufactured, sold, and intended.

50. Upon information and belief, Amazon breached its aforesaid duties, which caused the insured property to sustain substantial fire damage.

51. Upon information and belief, the incident described herein and resulting damages were caused through the negligence, carelessness, and/or recklessness of Amazon, and without any culpable conduct on the part of Erie's insured.

52. Upon information and belief, Amazon was negligent, careless, and/or reckless generally and in the following manners:

    (a) Negligently, carelessly, and/or recklessly failing to exercise reasonable and prudent care in designing, manufacturing, distributing, and/or selling batteries; and/or

    (b) Negligently, carelessly, and/or recklessly failing to warn, and/or notify the insured of the defects, and to adequately and fully recall the insured's subject battery; and/or

    (c) Negligently, carelessly, and/or recklessly failing to use proper quality control procedures; and/or

    (d) Negligently, carelessly, and/or recklessly failing properly to inspect and/or test their batteries.

53. As a direct result of Amazon's negligent, careless, and/or reckless actions, Erie's insured property sustained extensive fire damage.

54. Following the above-described incident, and pursuant to the terms and conditions of its contract of insurance with its insured, Erie expended an amount no less than $395,214.63 in order to compensate its insured for the damage to the insured property. Erie's insured also incurred his $1,000.00 deductible.

55.  By virtue of the foregoing, Erie has become subrogated to the rights of its insured, and the defendants' jointly and severally are liable to Erie for damages in an amount to be determined at trial, but no less than $396,214.63, plus interest as allowed by law, together with the costs of disbursements of this action and such other and further relief as this Court deems just and proper.

**WHEREFORE,** plaintiff, Erie demands judgment jointly and severally as follows:

(1)  On its first cause of action, against the defendants Venom Group International and Amazon.com, Inc., damages in an amount to be determined at trial, but no less than $396,214.63, plus accrued interest from the date of loss; and

(2)  On its second cause of action, against the defendant Venom Group International, damages in an amount to be determined at trial, but no less than $396,214.63, plus accrued interest from the date of loss; and

(3)  On its third cause of action against defendant, Venom Group International, damages in an amount to be determined at trial, but no less than $396,214.63, plus accrued interest from the date of loss; and

(4)  On its fourth cause of action, against defendant Amazon.com, Inc., damages in an amount to be determined at trial, but no less than $396,214.63, plus accrued interest from the date of loss; and

(5) The costs and disbursements of this action, together with any other or further relief as the Court may deem just and proper.

Dated: December 5, 2023
Buffalo, New York

**RUPP PFALZGRAF LLC**
Attorneys for the Plaintiff,
Erie Insurance Company
as subrogee of Robert Ricker III

By: _____
Marco Cercone, Esq., of Counsel
Austin R. Hendricks, Esq., of Counsel
1600 Liberty Building
Buffalo, New York 14202-3502
(716) 854-3400

## VERIFICATION

STATE OF NEW YORK )
):ss.:
COUNTY OF Monroe )

_Sanjeevah Baker_, being duly sworn, deposes and says that s/he is employed as a _Senior Subro Specialist_ with Erie Insurance Company, the plaintiff named in the within entitled action; that s/he has read the foregoing Verified Complaint and knows the contents thereof; and that the same is true to her/his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters s/he believes them to be true.

Deponent further says that the reason this verification is made by deponent and not by Erie Insurance Company, is because Erie Insurance Company is a corporation and the grounds of deponent's belief as to all matters in the Verified Complaint not stated upon her/his own knowledge, are investigations which deponent has caused to be made concerning the subject matter of this Verified Complaint and information acquired by deponent in the course of her/his duties as a _Senior Subro Specialist_ at said corporation and from the books and papers of said corporation.

_Sanjeevah Baker_

Title: Sr. Subrogation Specialist

Sworn to before me this
_12th_ day of December, 2023.

_Belinda L. Pratt_
Notary Public

BELINDA L. PRATT
Notary Public, State of New York
Monroe County, No. 01PR6049178
Commission Expires 10/10/20_26_